IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DISPLAY CONCEPTS PARTY RENTALS, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-cv-00201 |
| GENERAL STAR INDEMNITY COMPANY, | § § § § | |
| Defendant. | § § | |

**DEFENDANT GENERAL STAR INDEMNITY COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant General Star Indemnity Company hereby removes the action styled and numbered *Display Concepts Party Rentals, Inc. v. General Star Indem. Co.*; Cause No. 111060-E-CV, pending in the 108th Judicial District Court of Potter County, Texas to the United States District Court for the Northern District of Texas, Amarillo Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I.   THE STATE COURT ACTION

1. On July 20, 2022, Plaintiff Display Concepts Party Rentals, Inc. ("Plaintiff") filed its Original Petition in the 108th Judicial District Court of Potter County, Texas; Cause No. 111060-E-CV against Defendant General Star Indemnity Company ("General Star" or "Defendant"). Plaintiff filed its First Amended Original Petition on August 29, 2022 and filed its Second Amended Petition on September 27, 2022.[1]

---

[1] *See* Plaintiff's Second Amended Petition, attached as **Exhibit C-5**.

## II.   DEFENDANT'S REMOVAL IS TIMELY

2. Plaintiff served the Texas Department of Insurance with its First Amended Petition on September 6, 2022. On September 22, 2022, the Texas Department of Insurance notified General Star that service of process had been requested through the Commissioner of Insurance, which enclosed a copy of the citation and Plaintiff's First Amended Petition. Accordingly, General Star files this Notice of Removal within the 30-day time-period required by 28 U.S.C. § 1446(b)(2)(B).[2]

## III.   VENUE IS PROPER

3. Venue is proper in the United States District Court for the Northern District of Texas, Amarillo Division, under 28 U.S.C. §§ 124(a)(1) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## IV.   BASIS FOR REMOVAL

4. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000 excluding interest and costs.

---

[2] Under 28 U.S.C. § 1446(b)(1), a defendant must file notice of removal within thirty days of receiving (1) formal service of process and (2) actual notice. *See Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999); *Barrackman v. Banister*, No. 06-CV-3622, 2007 WL 189378, at *1 (S.D. Tex. Jan. 22, 2007) (finding that thirty-day period for removal begins after receipt by the named defendant of the complaint and not simply after service on the statutory agent); *Clarksdale v. BellSouth Telecommunications, Inc*., 428 F.3d 206, 210 (5th Cir. 2005); *Staffing Network, Inc. v. Health Care Capital Inc*., No. 04-CV-0794-B, 2004 WL 2626541, at *1 (N.D. Tex. Nov. 16, 2004).

5.  Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains, organized under the laws of the State of Texas with its principal place of business in Amarillo, Texas. Thus, Plaintiff is a citizen of Texas for purposes of this Court's diversity jurisdiction.

6.  Defendant, General Star is an insurance company incorporated in the State of Delaware with its principal place of business in Connecticut. Defendant is thus a citizen of Delaware and Connecticut for purposes of diversity jurisdiction.

7.  Accordingly, there is now complete diversity of citizenship between Plaintiff and General Star.

### V.  AMOUNT IN CONTROVERSY

8.  If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Defendant's burden is satisfied.[3]

9.  When removal is premised upon diversity jurisdiction and the parties dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[4]

10. The district court must first examine the petition to determine whether it is "facially apparent" that the claim exceed the minimum jurisdictional requirement. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[5]

11. Plaintiff seeks monetary relief of "over $250,000 but not more than $1,000,000.[6]

---

[3] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[4] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[6] *See* Plaintiff's First Amended Petition, attached as **Exhibit C-3.**

12. Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## VI.   COMPLIANCE WITH 28 U.S.C. § 1446

13. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 108th Judicial District Court of Potter County, Texas.

14. All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

15. In compliance with Local Rule 81, the following documents are attached:

   a. An index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable)—identified as **Exhibit A**;

   b. A copy of the docket sheet in the state court action—identified as **Exhibit B**;

   c. Each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date)—identified as **Exhibit C-1** through **Exhibit C-5**.

## VII.   CONCLUSION

WHEREFORE, Defendant General Star Indemnity Company requests that this action be removed from the 108th Judicial District Court of Potter County, Texas, to the United States District Court for the Northern District of Texas, Amarillo Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By:   */s/ Kristin C. Cummings*
     Kristin C. Cummings
     Texas Bar No. 24049828
     kcummings@zellelaw.com
     Hanna Kim
     Texas Bar No. 24100926
     hkim@zellelaw.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    (214) 742-3000
Facsimile:    (214) 760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on October 17, 2022, in accordance with the Federal Rules of Civil Procedure, by electronic filing as follows:

    Matt W. Sherwood
    State Bar No. 24066063
    msherwood@mwlawfirm.com
    **McCarn & Weir, P.C.**
    905 S. Fillmore, Suite 530
    Amarillo, Texas 79101
    Telephone:    (806) 350-5395
    Facsimile:    (806) 350-5388

**ATTORNEY FOR PLAINTIFF**

          */s/ Kristin C. Cummings*
          Kristin C. Cummings