IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § | |
|---|---|---|
| DISPLAY CONCEPTS PARTY RENTALS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:22-CV-201-Z |
| GENERAL STAR INDEMNITY COMPANY, | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is parties' Joint Notice of Stipulated Remand (ECF No. 4), filed on October 25, 2022. This Court construes the filing as a joint motion for remand ("Motion"). *See* ECF No. 5. Having considered the Motion, pleadings, and relevant law, the Court **GRANTS** the Motion and **REMANDS** this action to the 108th Judicial District of Texas.

When adjudicating an action in diversity, this Court's jurisdiction is limited to "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). Plaintiff's Second Amended Complaint — the live pleading before removal — contains no request for monetary relief. *See generally* ECF No. 1-5. Plaintiff prays only for "appoint[ment] of an umpire . . . to resolve the dispute." *Id.* at 29.

Appointment of an umpire "is declaratory or *sui generis* in nature." *Mi Realty, LLC v. Atl. Cas. Ins. Co.*, No. 3:21-CV-00368, 2022 WL 705861, at *3 (N.D. Tex. Mar. 8, 2022). "In actions for declaratory or injunctive relief, the amount in controversy 'is the value of the right to be protected or the extent of the injury to be prevented.'" *Id.* (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). The Fifth Circuit has not addressed the

determination of an amount in controversy in actions seeking the appointment of an umpire for appraisal. And courts in this circuit split on the issue. *See id.* (collecting cases).

"Because the case law is not clear on the issue of determining the amount in controversy for actions that seek only the appointment of an umpire to settle an insurance appraisal dispute . . . the [C]ourt resolves this matter in favor of remand. *Id.* at *4; *see also Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) ("Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007))). Accordingly, the Court **GRANTS** the Motion and **REMANDS** this action to the 108th Judicial District of Texas.

**SO ORDERED.**

November **7**, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE